HIPÓLITO CORTIJO, Plaintiff and Appellee, *v.* MIGUEL DOMINGUEZ, Defendant and Appellant.

No. 4057.   Argued March 31, 1927.—Decided June 23, 1927.

*Luis Toro Cabañas* for the appellant.   *José N. Quiñones* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an action for damages for injury caused to the appellee by a motor vehicle belonging to the appellant. The plaintiff alleged that the defendant was the owner at the time of the accident of a line of passenger cars plying between San Juan and Humacao; that on the 29th of March, 1924, a Cadillac car of that line driven by chauffeur Arturo Reyes Cabrera, at that time an employee of the defendant, while driving along the Santurce road, Stop 21, struck plaintiff Hipólito Cortijo who was crossing the road at that moment, causing the fracture of his right ankle; that the car was going at great speed without sounding the horn to warn of its approach; that the injury received by the plaintiff had been due solely and exclusively to the negligence and inexperience of the chauffeur employed by the defendant in not slowing down and in taking to his left without sounding his horn or any other alarm to warn of his proximity. Lastly, he alleged that as a result of the blow received the plaintiff had been unable to work and had been confined in the Municipal Hospital for sixty days, causing him damages in the sum of $2,000.

The defendant pleaded a general denial of the facts of the complaint, and after a trial the court gave judgment for the plaintiff against the defendant for the sum of $600 as damages.

The defendant appealed and in his first assignment alleged that the trial court had erred because the complaint did not set up a cause of action. It does not appear from the record that the defendant demurred to the complaint, and although the exception pleaded is privileged, the ground alleged therein that the complaint did not state that the chauffeur of the defendant was acting within the scope of his employment, has no basis because the complaint alleged that the chauffeur at the moment of the accident was an

employee of the defendant, and, on the other hand the evidence showed that he was as such employee within the scope of his employment because he was driving the car which caused the accident.

The other assignments refer to the weighing of the evidence and to an abuse of discretion on the part of the trial court in adjudging the costs against the defendant.

The plaintiff's evidence tended to show that the plaintiff was traveling in a motorbus from San Juan towards Santurce and that at Stop 21, where the road narrows down because the widening thereof had not been terminated at that place, he alighted from the bus and in trying to cross the road at the usual gait, while giving attention to another bus that was coming behind, was struck by the car of the defendant coming in the opposite direction at a rather excessive rate of speed without sounding any alarm or giving warning of danger.

The theory of the defendant is that the plaintiff, who was watching another motorbus coming up in the opposite direction, on alighting and crossing threw himself against the car. However, the defendant's evidence rather showed that the car was going at more than moderate speed and some of the witnesses would not go as far as to state that the chauffeur gave warning when approaching the place of the accident. The chauffeur testified that he was not going very fast; at a speed of about 8 or 10 kilometers, and yet he said that the plaintiff had been struck by the front part of the car and that when the car stopped he was in a line with the back wheels. A car going at the speed of 8 or 10 kilometers should stop instantly on applying the brakes; otherwise either the speed was greater, or really the brakes had not been applied or were not working properly. The witness testified: ''I was not going very fast . . . about 8 or 10 kilometers . . . The plaintiff struck against the front

part of the car and fell down on the road and then I stopped instantly and he remained in line with the back wheel.''

On the other hand, it does not appear that the chauffeur gave warning of his approach, and this was undoubtedly another circumstance which, if it had been taken into account by the chauffeur, would have prevented the accident. The evidence as a whole shows that the plaintiff was crossing the road at the usual gait and had taken some steps. If, as stated by the chauffeur, he was going at 8 or 10 kilometers, he could have given warning of the danger to the plaintiff by blowing the horn or sounding the klaxon. It was not that the plaintiff suddenly emerged from the bus and faced the car, nor were there any obstacles obstructing the view of the road to the defendant. Besides, when a bus stops to leave or take on passengers on a road where the traffic is heavy, like the San Juan road, a driver should anticipate the crossing of the road by passengers and it is then that he should take the precautions required by the most ordinary prudence. The plaintiff, on alighting from the bus, saw a fellow passenger in front of him crossing the road without difficulty and followed him, the chauffeur of the defendant being perfectly aware of this. If, as stated by the chauffeur, he slowed down at sight of the first man, his negligence is obvious because he did not give warning to the plaintiff or stop to avoid the accident by any means. Everything showed that if he had slowed down or given the plaintiff timely warning of his approach, he would have avoided the accident. Perhaps he relied rather on his skill than on the precautions that he should have taken at sight of passengers alighting from the bus.

As to the imposition of costs, we do not find that the trial court abused its discretion by imposing the costs on the defendant.

From the foregoing the judgment appealed from must be affirmed.